98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter J. BUSCHER, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 95-36231.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter J. Buscher appeals pro se the district court's summary judgment in favor of the Postmaster General ("Postmaster") in his action alleging employment discrimination under the Rehabilitation Act ("Act"), 29 U.S.C. § 794(a), when Buscher was terminated from his position with the United States Postal Service ("USPS"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Buscher contends that the district court erred by granting summary judgment for the Postmaster because Buscher established that he was terminated due to his disability and not, as the Postmaster contends, due to Buscher's poor performance. This contention lacks merit.
 
 
 4
 We review de novo a district court's grant of summary judgment. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). Summary judgment will be granted if the moving party establishes that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The nonmoving party has the subsequent burden of presenting specific, significant probative evidence to support its claim that genuine issues of material fact remain. Id. at 250.
 
 
 5
 The Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, ... be subjected to discrimination ... by any Executive agency or by the [USPS]." 29 U.S.C. § 794(a). In order to make out a prima facie case under the Act, Buscher must show (1) that he was an "otherwise qualified" disabled individual, and (2) that he was terminated because of his disability. See Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir.1990). The plaintiff bears the burden of proving that he has a disability. Buckingham v. United States, 998 F.2d 735, 739-40 (9th Cir.1993).
 
 
 6
 Here, in support of his motion for summary judgment, the Postmaster submitted the affidavits of four postal employees who declared that Buscher was terminated due to poor job performance and not due to any disability. The four affiants further declared that Buscher never informed anyone at the USPS that he was disabled. Buscher failed to present any evidence to the contrary.
 
 
 7
 Because Buscher failed to establish that the USPS knew of his alleged disability, he cannot establish that he was terminated "solely" due to his disability. See Lucero, 915 F.2d at 1371; 29 U.S.C. § 794(a). Accordingly, the district court did not err by granting summary judgment for the Postmaster. See Warren, 58 F.3d at 441.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Buscher's additional contentions lack merit. First, to the extent Buscher seeks relief for an on-the-job injury, the Federal Employees Compensation Act, 5 U.S.C. § 8116(c), is his exclusive remedy. See Figueroa v. United States, 7 F.3d 1405, 1407 (9th Cir.1993), cert. denied, 114 S.Ct. 1537 (1994). Second, to the extent Buscher attempts to implicate an adverse decision by the Merit Systems Protection Board ("MSPB") denying his request for reinstatement after partial recovery from a compensable injury, only the Court of Appeals for the Federal Circuit can review MSPB decisions that do not involve discrimination claims. See 5 U.S.C. § 7703(b)(1); Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993)